# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE HUANG,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LELAND MCEWEN, Warden,<br><br>　　　　Respondent. | Case No. CV 09-0355 PA (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation ("Objections"), and the remaining record, and has made a *de novo* determination.

　　　　Petitioner's Objections generally reiterate the arguments made in the Petition and Reply, and lack merit for the reasons set forth in the Report and Recommendation.

　　　　There is one issue, however, that warrants brief amplification here. Petitioner claims in his Objections that trial counsel was ineffective when he advised Petitioner not to testify without understanding that the prosecution's case was based on a felony-murder theory. (Obj. at 9-13.) In support of this argument, Petitioner lists numerous "facts" which he would have to testified at trial. (*Id*.)

Petitioner alleges that his testimony would have allowed the jury "to see the facts as they really happened" and, presumably, to acquit him of first-degree murder charges. (*See id*. at 13.)

Even assuming, *arguendo*, that counsel acted deficiently in advising Petitioner not to testify, there was no prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (to establish ineffective assistance, petitioner must prove that counsel's representation was deficient and that such deficiency prejudiced the defense). To establish prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Here, the case against Petitioner, based on a theory of willful, deliberate, and premeditated first-degree murder, was substantial. Indeed, there was ample evidence of requisite motive, opportunity, planning, a temporal relationship between Petitioner's control and the victims' disappearance, and Petitioner's consciousness of guilt. (*See* Lodg. F at 13; RT at 1583, 1593, 1627-47, 1651, 1816-17, 1839-40, 1855, 1864, 1879, 1891, 2123-25, 2418-19, 2422-24, 2426-27, 2429-35, 2437, 2445-46, 2448-50, 2454, 2460-63, 2747, 2759-60, 2792-94, 2828-29, 3031, 3041-42, 3044-46, 3060, 3094, 3138-41; CT at 257-71.) There was thus sufficient evidence to convict Petitioner of first-degree murder. *See People v. Snow*, 30 Cal. 4th 43, 66-68 (2003).

Similarly, Petitioner's reliance on the notice requirements in *Sheppard v. Rees*, 909 F.2d 1234 (9th Cir. 1990), is misplaced for the reasons discussed above. (*See* Obj. at 14-15.) And, in any event, Petitioner's counsel received adequate notice of the prosecution's felony-murder theory, thus rendering *Sheppard* immaterial. (CT at 406-07, 425, 431.) *See Morrison v. Estelle*, 981 F.2d 425, 428-29 (9th Cir. 1992) (defendant received constitutionally adequate notice of felony-murder theory through jury instructions submitted two days before closing arguments; characterizing *Sheppard* as "narrow ruling" that has been limited

"strictly to its facts"). Petitioner's ineffective assistance of counsel arguments thus fail.

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered denying the Petition and dismissing this action with prejudice; and
3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The Court thus declines to issue a certificate of appealability.

DATED: June 21, 2012

_____
HON. PERCY ANDERSON
UNITED STATES DISTRICT JUDGE